UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMI B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C20-5575-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled beginning December 9, 2017. The ALJ found Crohn's disease, arthralgia, major depressive disorder, and generalized anxiety disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform sedentary work with additional limitations; and Plaintiff cannot perform past relevant work but is not disabled because she can perform other jobs in the national economy. Tr. 73-88.

Plaintiff contends the ALJ misevaluated the medical opinion of Plaintiff's treating gastroenterologist, Kathryne Wagner, M.D., and erroneously discounted Plaintiff's testimony. Dkt. 30. Plaintiff also argues additional evidence from Dr. Wagner submitted to the Appeals Council has "undermine[d]" the ALJ's decision. *Id*. at 10. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 1

**DISCUSSION**

The Court may reverse the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Medical Opinions**

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

   *1.     Kathryne Wagner, M.D.*

The ALJ found Dr. Wagner opined in February 2019 Plaintiff "was limited to sedentary work." Tr. 86. Substantial evidence does not support this finding, as the record establishes Dr. Wagner opined Plaintiff was "[s]everely limited," that is, "[u]nable to meet the demands of sedentary work." Tr. 1372.

The ALJ also found in March 2019 Dr. Wagner opined Plaintiff could not "sustain any full time employment," and had the following limitations: Plaintiff "could sit for 30 minutes at a time, and stand for 5 minutes at a time"; "could sit, stand and walk less than 2 hours in an 8-hour workday"; "would need to take unscheduled bathroom breaks 10-20 times per day, and be away from the workstation for 20-30 minutes at a time"; "could rarely lift 10 pounds, and can never twist, stoop, crouch, squat, or climb ladders or stairs"; and "would be off task 25% of the time." *Id*. The ALJ found "this opinion unpersuasive" on the grounds the doctor's opinion is inconsistent with "contemporaneous medical evidence of record reflect[ing] that the claimant's

Crohn's disease was stable." Tr. 86. In specific, the ALJ found "Dr. Wagner's conclusions are inconsistent with the record showing the claimant stabilizing on medication, starting to work part-time, and tapering off some pain medication." Tr. 86 (internal citations omitted).

However, the portions of the record to which the ALJ's cited do not show Plaintiff stabilized medication and tapered off some pain medication. The August 15, 2018 treatment note the ALJ cites indicates Plaintiff felt stable "right now," but the provider noted the severity of her Crohn's disease "waxes and wanes." Tr. 1327. Consistent with this note, Dr. Wagner stated on May 2, 2018, Plaintiff "had a very bad 'flare' in the last month that lasted several days," and remarked, "I think we do need to reassess to see if the Entyvio is actually working." Tr. 1222. Before the "flare," Dr. Wagner, noted on December 7, 2017, Plaintiff "has now been on the Entyvio for more than a year, and feels that it is working[.]" Tr. 1160.

Thus, contrary to the ALJ's finding, the evidence cited indicates Plaintiff's Crohn's indeed waxed-and-waned from December 2017 through August 2018, prompting Dr. Wagner to call into question the efficacy of Plaintiff's medication. The ALJ accordingly erred by rejecting Dr. Wagner's opinions on these grounds. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (an ALJ "cannot simply pick out a few isolated instances" of medical health that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms"); *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").

As to Plaintiff "starting to work part-time," the portion of the record the ALJ cites – Dr. Wagner's December 2017 treatment note – indicates Plaintiff was "a nanny several days a week currently." Tr. 1160. However, the treatment note was written *prior* to Dr. Wagner questioning

whether Plaintiff's medication at the time was "actually working." Tr. 1222. Further, the sparsity of details surrounding Plaintiff's part-time work as a nanny further undermines the probative value of this singular piece of the record. *See Trevizo*, 871 F.3d at 676 ("[T]he record provides no details as to what Trevizo's regular childcare activities involved. The ALJ did not develop a record regarding the extent to which and the frequency with which Trevizo picked up the children, played with them, bathed them, ran after them, or did any other tasks that might undermine her claimed limitations[.]"). The ALJ accordingly erred by rejecting Dr. Wagner's opinion on this ground.

Because the ALJ erred in evaluating Dr. Wagner's 2019 opinions and will necessarily reevaluate all of Dr. Wagner's opinions on remand, including evidence submitted to the Appeals Council, the Court need not discuss whether evidence submitted to the Appeals Council undermined the ALJ's decision.

### B. Plaintiff's Testimony

The ALJ noted Plaintiff's testimony "she suffers from persistent diarrhea, and severe joint pains in ankles, hands and feet" and "her side effects from medications include hair loss, headaches, nausea and fatigue. While she continues to take multiple medications, she alleges that they have not worked consistently." Tr. 82. The ALJ indicated Plaintiff "reported being able to walk 15 minutes before needing to rest for 5-10" and "sit for 20 minutes before having lower back pain." *Id.* at 82-83. The ALJ also indicated Plaintiff "testified that starting in December 2018, she had another flare of Crohn's disease," and "was fatigued, experienced body weakness, and had eczema, weight loss and pain." *Id*. at 83. Finally, the ALJ noted Plaintiff testified "she goes to the bathroom more than 30 times a day, and has persistent hemorrhoids and rectal bleeding." *Id*

The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence – including Plaintiff's response to medications. Tr. 83. However, because the ALJ erred in rejecting Dr. Wagner's opinions and the medical evidence must therefore be reevaluated, the ALJ must also reassess Plaintiff's testimony on remand in light of this reevaluation.

**CONCLUSION**

For the foregoing reasons, the Court finds the ALJ harmfully erred. Plaintiff argues if the Court order remand, it should be for an award of benefits. Dkt. 30 at 13. However, remand for an award of benefits should be ordered in only the rare case, and this is not such a case. The medical evidence and Plaintiff's testimony must be reweighed and the Court declines to do so on review. Further proceedings are thus not only be helpful but necessary. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reevaluate Dr. Wagner's opinion and Plaintiff's testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 2nd day of June 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge